**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    23-30008 |
| Plaintiff-Appellee, | D.C. No. 1:22-cr-00003-SPW-1 |
| v. | |
| JAMES EDWARD DEMPSTER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 16, 2023**
Portland, Oregon

Before:  KOH and SUNG, Circuit Judges, and EZRA,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

James Edward Dempster ("Defendant") appeals the district court's decision not to apply a downward departure to his sentence for a conviction under § 922(g)(1). We have jurisdiction to review under 28 U.S.C. § 1291. We affirm.

On January 20, 2022, a grand jury indicted Defendant for violating § 922(g)(1), which prohibits individuals previously convicted of a crime punishable by imprisonment for a term exceeding one year from possessing firearms.[1] Defendant pled guilty without the benefit of a plea agreement and did not sign an appeal waiver. At his sentencing hearing on January 11, 2023, Defendant agreed that his base offense level was 20 and that the resulting guideline range was 46 to 58 months imprisonment, but argued that his conduct mirrored a scenario envisioned by U.S. Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(2) where a "person [who] possessed all ammunition and firearms solely for lawful sporting purposes" receives an offense level reduced to 6. Although Defendant acknowledged that he was ineligible for the "sporting exception" based on his previous drug offense,[2] Defendant contended that the fact that his conduct mirrors

---

[1] Defendant was first charged with possession with intent to distribute methamphetamine on August 27, 2014. His § 922(g)(1) violation occurred on November 23, 2021, when he was pulled over for traffic violations on his way home from a hunting trip and officers discovered three firearms in his vehicle.

[2] U.S.S.G. § 2K2.1(b)(2) reduces a defendant's offense level down to six if the court finds that the defendant possessed ammunition and firearms "solely for lawful sporting purposes or collection." However, the provision is clear that this reduction is inapplicable to defendants subject to "subsection (a)(1), (a)(2), (a)(3),

2

that contemplated in the sporting exception demonstrates his diminished culpability and entitles him to a downward departure.

In response to Defendant's argument, the district court remarked that Defendant was "well aware of the fact that [he] can't possess firearms," as he has been on supervised release since 2016 and "it's pretty clear that the – not only the Sentencing Commission but Congress have concluded that people who have criminal histories such as yours are not – don't get breaks when it comes to defying the conditions of your supervised release or the federal law in possessing firearms." The district court found no excuse for Defendant's actions, noting that it "looks to the Court . . . that you do what you want to do . . . and you're not willing to comply with the conditions of supervision, not to mention state and federal law." Finally, the district court discussed Defendant's criminal history dating back to 2003 and raised a concern that "I don't know exactly what it is that's going to get your attention for you to understand that you have to respect the law and that those laws do apply to you." For these reasons, the district court concluded that a sentence of 46 months imprisonment, the bottom of his guideline range, was appropriate pursuant to 18 U.S.C. § 3553(a).

---

(a)(4), or (a)(5)." Defendant concedes that his prior conviction triggered the application of (a)(4)(A), making him ineligible for the exemption.

3

Defendant appeals his 46-month sentence, arguing that the district court abused its discretion in failing to apply a downward departure. When a judge decides to impose a sentence within the guideline range, she need not give a "lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court adequately considered Defendant's legal argument as well as the particular circumstances of his hunting trip and criminal history. The sporting exception in §2K2.1(b)(1) expressly excludes individuals with criminal histories such as Defendant's, and the district court's well-reasoned decision took into account each factor relevant to imposing a sentence "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). Accordingly, the district court did not abuse its discretion.

**AFFIRMED.**